GARDERE vs. FOUCHER & AL.

APPEAL from the court of the second district.

A suit dismissed, is the same as if it had never been instituted.
A vendee, who is not evicted, cannot resist payment of the purchase money

MARTIN, J., delivered the opinion of the court. The petition states, that the defendant Foucher, by a notarial act, to which the defendant Avart and the plaintiff were parties, conveyed to the plaintiff a lot of ground, in the city of New-Orleans, in exchange for a plantation in the parish of St. James, having a front of fourteen arpents, on the Mississippi, with an indefinite depth, or rather the depth stated in the plaintiff's title; with certain slaves, cattle, implements of agriculture, and improvements. And the defendant Foucher, in consideration

of said exchange, promised to pay the plaintiff $34,400: viz. $6,000 on the 24th of October, 1821, $5,400 on the 12th of May, 1822, $5,600 on the same day in 1823, $5,600 on the same day in 1824, $5,600 on the same day in 1825, and $6,000 on the same day in 1826; and the defendant Foucher gave accordingly his promissory notes, endorsed by the defendant Avart; and the defendant Foucher, besides mortgaging the premises, agreed to give further security, by a mortgage of ten additional slaves.

That afterwards, the defendant Foucher conveyed one undivided half of the said land, slaves, &c. to the defendant Avart, who is now in possession thereof.

That two of the aforesaid notes are payable, and duly protested, and the mortgaged premises all liable to be sold therefor.

The petition concludes with a prayer for judgment and sale.

The answer avers, that the plaintiff has never complied with the conditions of the contract of exchange; and has not put the defendants, or any of them, in possession of the whole depth of the land given in exchange; that he has no title to any part of the premises

East'n. District.
*March*, 1826.

GARDERE
*vs.*
FOUCHER & AL

beyond the fortieth arpent, the balance being the property of the United States, who have, since the exchange, sold part thereof to Roman and Gaiennié, who have sued one of the defendants, and threaten to sue the other.

There was a verdict and judgment for the plaintiff, and the defendants appealed.

The record shows that Gaiennié's suit was dismissed, it is therefore as if it had never been instituted.   The vendee is consequently undisturbed, and cannot resist the vendor's claim for payment.   The vendees were put in possession of the front of the land, and this possession extends to the whole depth sold, while there is neither adverse possession, or eviction.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the plaintiff, *Canon* for the defendants.